

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
AP LINKS, LLC,

                      Plaintiff,

                      08-CV-3602 (TCP)(AKT)

      -against-

GLOBAL GOLF, INC., NEAL TRABICH,
TERRY TRABICH, CONFER BETHPAGE,
LLC, and GORDON A. LENZ,

                      Defendants.
-------------------------------------------------------X    MEMORANDUM & ORDER
ST. ANNE'S DEVELOPMENT CO., LLC,

                      Plaintiff,

                      08-CV-1730 (TCP)(AKT

      -against-

GORDON A. LENZ,

                      Defendant.
-------------------------------------------------------X

PLATT, District Judge:

      Pending is an Objection by the collective Defendants to a ruling of Magistrate Judge Tomlinson, which precluded the use of the expert witness report of Professor Michael Madison. For the reasons discussed below, Defendants' objection is **OVERRULED**.

## BACKGROUND

**A.    Facts**

      For the purposes of this specific Order, knowledge of the underlying facts of these related cases is presumed. As to the facts relating to the Objection, Magistrate Judge Tomlinson, in a Scheduling Order filed on October 23, 2008, ordered "all discovery, including production of all

1

expert reports, if any, to be completed by March 18, 2009." Case Mgmt. Sch'l Order 1, 08-cv-1730, ECF No. 8 (unless otherwise noted, the Court refers to 08-cv-1730). Judge Tomlinson stated that "the deadlines in this order will be enforced, and will be modified only upon a timely showing of good cause." *Id.* at 4.

On February 15, 2009, Magistrate Judge Tomlinson attempted to convene a status conference regarding concerns about discovery deadlines. Minute Order, ECF No. 18. Defendants' attorney, Paul Batista, failed to appear at the conference. *Id.* ("[T]he case was called and counsel for the Defendant still had not appeared. There are a number of issues which need to be addressed . . . ."). At a March 6, 2009 status conference, Judge Tomlinson extended discovery deadlines, finalized in an Amended Case Management & Scheduling Order, to July 18, 2009. Am. Case Mgmt. Sch'l Order 1, ECF No. 21.

On July 21, 2009, Judge Tomlinson presided over a telephone status conference at which time she extended, further, the discovery deadline to September 9, 2009. Minute Order, ECF No. 41. "**No further extensions of this deadline will be granted.** Counsel are directed to cooperate to ensure that all discovery can be completed by this deadline." *Id.* at 2 (emphases in original); *see also*, Second Am. Case Mgmt. Sch'l Order, ECF No. 42.

On August 18, 2009, another status conference was held to discuss discovery issues. Minute Order, ECF No. 44. In light of the issues discussed at that conference, discovery was extended, once more, to November 18, 2009. *See* Third Am. Case Mgmt. Sch'l Order, ECF No. 45. The order specifically states that "a party seeking a stay of discovery must seek a court order and must show good cause why such relief should be granted." *Id.* at 1.

2

Regarding a telephone status conference, dated October 19, 2009, Steven Gould—attorney for Plaintiffs AP Links, LLC and St. Anne's Development Co., LLC—requested the status conference because "he had not received a supplemental document response from Batista's clients by October 5, 2009." Minute Order 1, ECF No. 49. Gould received the response prior to the October 19 status conference; at the conference, however, Gould stated that these documents were deficient. *Id.* Because of an illness, Judge Tomlinson extended discovery—"<u>solely</u> for the purpose of conducting" the deposition of the sick person—until December 12, 2009.[1] *Id.* at 2 (emphasis in original).

Plaintiffs filed a timely Designation of Expert on November 18, 2009, the deadline for such filings as set by Judge Tomlinson. ECF No. 54. On the same date, Plaintiffs filed a letter requesting an extension for further expert designations because Batista had caused "various delays" in Gould receiving discovery. Letter Mot. 1, ECF No. 55. ("The record is replete with my attempts to obtain the discovery and thereby schedule the depositions . . . sooner.").

On November 24, 2009, Batista wrote Judge Tomlinson to request additional time to file his clients' Designation of Experts. Letter Mot., ECF No. 56. Note, Batista requested this extension after the Court had already granted *four* previous extensions. Batista requested the extension because of the cases' "intensive" discovery process. *Id.* at 1. In the letter, Batista raised the usury issue and stated that his experts would "provide assistance in the fact-finder's determination that the . . . transaction was usurious and thus unenforceable." *Id.* at 2. On January 8, 2010, Judge Tomlinson granted both parties request for additional time. Order, ECF No. 65. On February 8, 2010, Batista

---

[1] Attorney Novikoff notified the Court the referenced date was a Saturday. Letter Correcting Deposition Date, ECF No. 48; *see also*, Minute Order, ECF No. 49 at 2. The Court changed the date to December 14, 2009. Minute Order, ECF No. 49 at 2.

3

requested another extension, which Judge Tomlinson granted. Letter Mot., ECF No. 68; *see also*, Order Granting Motion, Feb. 9, 2010.

On February 12, 2010, Batista filed his parties' Designation of Expert. ECF No. 69. Although he stated, in his letter motion (*supra* ECF No. 56), his intent to designate an expert witness to address the usury issue, the present filing did not do so, nor did he raise the usury issue in this filing. Note, too, by this date, discovery had closed and the pre-trial order had been filed.

On June 23, 2010, Batista requested, in a letter motion under 08-cv-3602, Judge Tomlinson's permission to file an expert witness report prepared by Professor Michael Madison, which would address the usury issue. Letter Mot., ECF No. 107. As Batista wrote, "[s]ignificantly, we have provided, on another key issue in this and the related cases, an expert report . . . ." *Id.* at 2. On January 5, 2011, Judge Tomlinson presided over a telephone status conference during which she denied Batista's request for permission. Tele. Conf. Tr., 08-cv-1730, Jan. 5, 2011. Judge Tomlinson held:

> "I find, first of all, that there's failure to establish good cause for the delay especially in light of the prior orders of this [C]ourt and I would direct your attention to [ECF No. 92] where the final extension is very clearly stated. I also find that based on the reasoning in Judge Platt's decision this is an issue to be determined by the jury and I do not find based on the information that's here that the triers of fact are going to need an expert to assist them in that process."

*Id.*, 10:25-11:8.[2]

## B. The Objection

Defendants' object to Judge Tomlinson's ruling on three grounds. First, the expert report would materially assist the fact-finder. Objection 6. Defendants cite Federal Rule of Evidence 702,

---

2 Court also noted that the same motion was filed in 08-cv-3602 (ECF No. 82) and the Court's denial stood for both motion. *Id.*, 11:19-20.

4

and the United States Supreme Court's ruling in *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579 (1993), which, Defendants note, reflect how expert witnesses provide "assist[ance] to the trier of facts." *Id.* Defendants cite this Court's Order, filed on October 4, 2010, which concluded that the usury issue was a question of fact for the fact-finder. *See* Order, 08-cv-3602, ECF No. 121. Defendants argue that the Order's conclusion "underscores the importance of Professor Madison's reports." *Id.* at 7. Moreover, since "the means of calculating interest is complex," the report will help the fact-finder in its factual determination. *Id.*

Second, Defendants argue this Court, not the Magistrate, should determine whether or not an expert report is permitted. *Id.* They state that Judge Tomlinson's ruling preempts this Court's role as trial judge. *Id.* They argue the Court should either overrule Judge Tomlinson or, alternatively, set aside the ruling until the suits are closer to trial. *Id.* Third, Defendants argue that filing the late report will not, in this case, prejudice Plaintiffs. *Id.* Defendants note Judge Tomlinson's earlier deadline extensions and the fact that a trial date has not been set. *Id.* at 7-8. Since the cases have no trial date, Plaintiffs "would have more than sufficient time to conduct expert discovery before trial." *Id.* at 8.

C.  **Response in Opposition to the Objection**

Plaintiffs argue that Judge Tomlinson's ruling was not clearly erroneous. Resp. to Objection 13. They argue that Defendants did not show good cause for modification and that "Defendants make no attempt in their objections to justify their chronic and extensive failure to comply with a deadline that was extended on three (3) separate occasions . . . ." *Id.* at 13. Plaintiffs cite, voluminously, to court precedent on these subjects. Finally, Plaintiffs argue that Judge Tomlinson's ruling was correct and state that the Madison's report "is the work of a legal advocate, not an expert." *Id.* at 17.

5

## DISCUSSION

**A.      Standard of Review**

"A [district] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court . . . . A [district] judge . . . may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. Pro. 72(a) ("the district judge in the case must consider timely objections and modify or set aside any part of the [nondispositive] order that is clearly erroneous or is contrary to law."); *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990) ("[t]he district court reviews [nondispositive] orders under the "clearly erroneous or contrary to law" standard."). "Matters concerning discovery generally are considered 'nondispositive' of the litigation." *Thomas E. Hoar, Inc.*, 900 F.2d at 525 (*citing* 7 JAMES MOORE, JO LUCAS & KENT SINCLAIR, JR., MOORE'S FEDERAL PRACTICE ¶ 72.03, at 72-23 (2d ed. 1989); 12 CHARLES WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE AND PROCEDURE § 3076.5 (Supp. 1989)).

"[T]he district judge—or a magistrate judge when authorized by local rule—must issue a scheduling order." Fed. R. Civ. Pro. 16(b)(1). "A schedule may be modified only for good cause and with the judge's consent." *Id.* at 16(b)(4). "In any case referred to a magistrate judge by a district judge, the magistrate judge may make scheduling orders pursuant to Federal Rule of Civil Procedure 16(b), and may modify for good cause shown scheduling orders previously entered." E.D.N.Y. R. 16.2.

"Once the deadline for amendment in a scheduling order has passed, leave to amend may be denied "where the moving party has failed to establish good cause." *Presbyterian Church Of Sudan*

*v. Talisman Energy, Inc.*, 582 F.3d 244, 267 (2d Cir. 2009) (*citing Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000)).

"Magistrate judges have broad discretion in resolving nondispositive matters, and a party seeking to overturn a discovery order bears a heavy burden." *Allen v. Devine*, No. 09-cv-668, 2011 WL 505007, at *2 (E.D.N.Y. Feb. 9, 2011) (internal citations omitted).

## B. Judge Tomlinson's Ruling Is Not Clearly Erroneous

The Court reconstructed, laboriously, the facts surrounding this objection. Perhaps that was unnecessary – a single glance at the docket demonstrates the extraordinary leniency Judge Tomlinson gave to both parties, but especially Defendants, as to discovery extensions. The facts could have been reduced further: Judge Tomlinson's original discovery deadline was March 18, 2009 (almost exactly two years from the date of this Order). To accommodate the parties, Judge Tomlinson extended the deadline *five* times and gave them nearly a year of additional time to produce expert reports; when Defendants requested an additional extension, Judge Tomlinson denied the request for lack of good cause.

As noted *supra*, in a letter motion to Judge Tomlinson, Defendants requested an extension because of the "intensive" discovery process. In that letter, Defendants raised the usury issue and stated that their experts would "provide assistance in the fact-finder's determination that the . . . transaction was usurious and thus unenforceable." Letter Mot. 2, ECF No. 56. Judge Tomlinson found Defendants had good cause to request the extension and it was granted. On February 12, 2010, the final discovery deadline, Defendants filed a timely expert report – the expert report did not pertain to usury. Not until June 23, 2010 (four-and-one-half months after the final deadline and their only expert report submission; seven months after Defendants explained to Judge Tomlinson that

7

Defendants were going to prepare a usury expert report), did Defendants file *another* letter motion – this time because of new information from "plaintiff's recent filings of a motion . . . ." Letter Mot. 2, 08-cv-3602, ECF No. 107. New information could not be the reason why Defendants needed to file Madison's report – they already stated, *seven months prior*, that they intended to file an expert report on the usury issue. Moreover, the Court notes Batista missed a status conference pertaining to discovery, requested multiple extensions, provided untimely, deficient supplemental documents to Plaintiffs, and caused Plaintiffs various delays in receiving discovery.

Judge Tomlinson continually extended the discovery deadline when either party had good cause to request an extension. Because Judge Tomlinson did not find Defendants produced good cause to extend in their June 2010 motion, Judge Tomlinson denied the motion. Defendants utterly fail to show they had good cause to amend the schedule; Defendants, therefore, utterly fail to overcome their "heavy burden" of proving that Judge Tomlinson's ruling was clearly erroneous.

## C. Sanctions

Based upon the facts set forth *supra*, and pursuant to the Court's inherent power and 28 U.S.C. § 1927, the Court finds Mr. Batista filed Defendants' June 23, 2010 Letter Motion (and the related July 9, 2010 Letter Motion; together, *hereafter* "Letters Motions") and this Objection in bad faith and, moreover, wasted the judicial time and resources of this Court and Judge Tomlinson's court.

The present action, viewed together with Mr. Batista's vexatious and contemptuous behavior throughout the pre-trial period in Judge Tomlinson's court, justifies a sanction. *See, e.g., DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 136 ("the record reflects a pattern of behavior which could reasonably be construed as a bad faith effort to thwart plaintiffs' discovery efforts."). While the

Court orders sanctions upon Mr. Batista, the Court reserves the penalty until the completion of trial, or settlement, as to the underlying cases.

## CONCLUSION

For the foregoing reasons, Defendants' objection is **OVERRULED**. Additionally, the Court orders sanctions upon Paul Batista and reserves the sanctions at this time.

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　Thomas C. Platt, U.S.D.J.

Dated:　　　March    2011
　　　　　　Central Islip, New York