**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
AP LINKS, LLC,

                        Plaintiff,                             **DECISION**
                                                               **AND ORDER**
     - against -

                                                                       CV 08-3602 (TCP) (AKT)

GLOBAL GOLF, INC.,


                        Defendants.
----------------------------------------------------------------X
**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      Plaintiff AP Links, LLC ("AP Links") commenced this diversity action alleging that Defendant Global Golf, Inc. ("Global Golf") breached a Consulting Agreement entered into by the parties. *See generally* Am. Compl. [DE 6]. The Consulting Agreement provided that AP Links would be paid as a consultant and advisor with respect to the development, management and operation of golf courses and/or related activities. *Id. ¶ 6.* AP Links alleges that Global Golf breached the agreement by failing to pay it all of the $720,000 due under the Agreement (to be paid in 96 monthly installments of $7,500). *Id. ¶¶ 18, 65.* The original Complaint was filed on March 18, 2008 and alleged various causes of action related to the Consulting Agreement against a number of Defendants, including Global Golf, Neil Trabich (who executed the Consulting Agreement on behalf of Global Golf), Terry Trabich, Confer Bethpage, and Gordon Lenz. *See generally* Compl. DE 1. Neal and Terry Trabich were dismissed from this action, without prejudice [DE 176], and Lenz and Confer Bethpage were dismissed from the action with prejudice [DE 174]. The remaining parties filed a consent judgment in 2013, and a final judgment was entered against Global Golf in the amount of $75,000 on February 13, 2013.

DE 177. Attorney Paul Batista represented Global Golf, the Trabiches, Confer Bethpage, and Gordon Lenz in this action.

For the record, the Court notes that these parties (and others mentioned in the course of this Order) are engaged in multiple litigations here in the Eastern District of New York. The Court will not clutter the record here with a further recitation of those actions. Such information is available to the parties in the March 31, 2014 Order in *AP Links et al. v. Russ, et al.*, 09-cv-5437 [DE 119]. Here, presently, two non-parties to this action, Attorney Jay Russ as well as the law firm Russ & Russ, move to quash two subpoenas served upon them. DE 180.

The subpoena *duces tecum* seeks:

> 1. All documents concerning receipt by you and/or your firm of any money for or on behalf of Global Golf, Inc., including all documents related to monies received pursuant to the APA or any other transaction involving Global Golf as to which you and/or your firm served as an escrow agent.
>
> 2. All documents concerning the disbursement by you and/or your firm of any money for or on behalf of Global Golf, Inc., including all documents related to the disbursement of all monies received pursuant to the APA or any other transaction involving Global Golf as to which you and/or your firm served as an escrow agent.
>
> 3. All invoices and copies of checks with respect to each payment made to Paul Batista identified on the Escrow Schedule . . . .
>
> 4. Any document pursuant to which Global Golf agreed to pay for legal fees incurred in the SADC v. Lenz Case.
>
> 5. Any document pursuant to which Global Golf agreed to pay for legal fees incurred in the Russ/Lenz Defamation Case.
>
> 6. Any document pursuant to which Global Golf Agreed to pay for legal fees incurred in the AP Links case.

Russ Mot., Ex. A [DE 180-1]. Russ argues that the timing and nature of the subpoenas are indicative of the "harassing and vindictive methods" pursued by Plaintiff's counsel. Russ Mot. at 1. Russ claims that the subpoenas were served with a very short response time and were served in bad faith. *Id.* at 2. According to counsel for Russ, the entire escrow file has already been produced in the related action, and the subpoenas are an attempt to circumvent certain applications that were then pending before the Court in the related action. *Id.* Further, Russ maintains that the documents are not relevant to enforcing the judgment in this matter and that Plaintiff's real intention is to "extract revenge based on his well-known disdain" for Mr. Russ. *Id.* at 3. In the event the Court declines to quash the subpoenas outright, Russ requests that the Court stay compliance pending the Court's ruling in the related action (09-cv-5437) with respect to similar subpoenas served upon Jay Russ and Russ & Russ. That decision was rendered on September 27, 2013.

Plaintiff's counsel, on the other hand, argues that (i) Counsel for Russ did not try to resolve this dispute before filing his motion, as required by the Court; (ii) the timing of the subpoenas is appropriate; and (iii) the discovery sought is relevant. Pl.'s Opp. [DE 182] at 2-3. Specifically, Plaintiff argues that the subpoena is narrowly drafted and seeks specific information as to the monies received by Mr. Russ on behalf of the judgment debtor, and monies disbursed on behalf of the judgment debtor. Further, the subpoena also appropriately seeks agreements related to payments from the escrow account to attorneys (including, for example, any fee agreement that would have permitted Mr. Russ to use money belonging to Global Golf to pay for Mr. Lenz's defense in *SADC v. Lenz*, 08-cv-1730). *Id.* at 3. Thus, the information sought is relevant, Plaintiff claims, and counsel for Russ has not demonstrated otherwise. *Id.*

3

Further, Plaintiff contends that not all of the escrow documents have been previously produced, since the documents that *have* been produced show that Mr. Russ received more money into his escrow account than he disbursed. *Id.* Further, Plaintiff contends that the documents cannot be obtained from Mr. Trabich because Russ was the escrow agent and Mr. Trabich does not have Mr. Russ's business records regarding the handling of the escrow account. *Id.*

"The party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Night Hawk Ltd. v. Briarpatch Ltd.*, 03 Civ. 1382, 2003 WL 23018833, at *8 (S.D.N.Y. Dec. 23, 2003); *see also Salvatore Studios Int'l v. Mako's Inc.*, 01 Civ. 4430, 2001 WL 913945, at *1 (S.D.N.Y. Aug. 14, 2001). Further, "[a] determination to grant or deny … a motion to quash a subpoena is discretionary." *John Wiley & Sons, Inc. v. Doe Nos. 1-30*, 284 F.R.D. 185, 189 (S.D.N.Y. 2012) (citing *Pegoraro*, 2012 WL 1948887, at *4); *see In re Subpoena Issued to Dennis Friedman,* 350 F.3d 65, 68 (2d Cir. 2003); *Solomon v. Nassau County*, 274 F.R.D. 455, 460 (E.D.N.Y. 2011) ("Motions to quash subpoenas under the Rules are 'entrusted to the sound discretion of the district court.'") (quoting *In re Fitch, Inc.,* 330 F.3d 104, 108 (2d Cir. 2003)); *Libaire v. Kaplan*, 760 F. Supp. 2d 288, 291 (E.D.N.Y. 2011) ("The decision whether to quash or modify a subpoena is committed to the sound direction of the trial court.") (citations omitted).

At the outset, the Court notes that on May 23, 2013, the Court conducted a hearing to consider the purported waivers of attorney-client privilege entered into by Neal Trabich and Terry Trabich. *See* CV 09-cv-5437 [DE 89]. After swearing-in and questioning both Neal and Terry Trabich, the Court found that the waivers were entered into knowingly and voluntarily and were therefore valid. *Id.* As a result of that determination, the Court finds that there is no

4

attorney-client privilege remaining which would permit Jay Russ to withhold the documents sought in the subpoenas served upon him and the law firm of Russ & Russ.  Moreover, the Court finds that the documents requested by Plaintiff's counsel are relevant to issues involving Plaintiff's attempt to collect on the judgment previously entered in this case.  Therefore, Jay Russ and the law firm of Russ & Russ will have 21 days to comply with the subpoena as to the production of documents listed in the subpoena which have been withheld on the grounds of attorney-client privilege.

However, the issue is different with regard to work-product privilege.  The so-called "work-product privilege" is codified in Federal Rule of Civil Procedure 26(b)(3) which provides, in part, as follows:

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation . . . .  But, subject to Rule 26(b)(4), those materials may be discovered if: (I) they are otherwise discoverable . . . ; and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.
>
> . . . If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other legal representative concerning the litigation.

Fed. R. Civ. P. 26(b)(3); *see in re Grand Jury Subpoenas Dated Mar. 19, 2002 and Aug. 2, 2002*, 318 F.3d 379, 386 (2d Cir. 2003).  The work product privilege "is intended to preserve a zone of privacy in which a lawyer can prepare and develop legal theories and strategy 'with an eye toward litigation,' free from unnecessary intrusion by his adversaries." *U.S. v. Adman*, 134 F.3d 1194, 1196-97 (2d Cir. 1998) (quoting *Hackman v. Taylor*, 329 U.S. 495, 510-11, 67 S. Ct. 385

5

(1947)). Unlike the attorney-client privilege, the work product privilege belongs to the attorney as well as the client, and cannot be waived by the client alone. *See Soils v. Food Employers*, 644 F.3d 221, 232 (4th Cir. 2011)*; Hackman v. Taylor*, 329 U.S. 495 (1947); *In re Grand Jury Subpoenas*, 561 F.3d 408, 411; *In re In-Store Adder. Sec. Lit.*, 163 F.R.D. 452, 458 (S.D.N.Y. 1995)). It is clear that Jay Russ and the law firm of Russ and Russ are not waiving work-product privilege. Therefore, the Court will not require Russ or his law firm to produce any documents being withheld on grounds of work product privilege. However, counsel for Jay Russ and the law firm is required to produce an appropriate privilege log within 21 days for any documents not produced on an assertion of work product privilege.

As to any deposition of Jay Russ, the Court authorizes service of a new subpoena upon Mr. Russ. In doing so, the Court finds that the actions of counsel for AP Links in serving the initial subpoena on March 11, 2013 were completely improper and reflective of practices by counsel on both sides of these collective cases which the Court has previously found to be unacceptable and unprofessional. This statement is not directed to Attorney Nicholas P. Chrysanthem who came into this case relatively recently on behalf of the non-parties – nor is it reflective of any conduct exhibited by Mr. Chrysanthem.

Plaintiffs' counsel is directed to provide at least 21 days advance notice of any deposition Plaintiff intends to take of Jay Russ in the subpoena counsel serves. To the extent set forth here, the letter motion of counsel for non-parties Jay Russ and the law firm of Russ & Russ to quash the two subpoenas at issue is DENIED.

**SO ORDERED.**

Dated: Central Islip, New York
       March 31, 2014

                                                            /s/ A. Kathleen Tomlinson
                                                            A. KATHLEEN TOMLINSON
                                                            U.S. Magistrate Judge